[No. 28692.   Department One.   August 25, 1942.]

CHARLES ORRIN EVANS, *Respondent*, v. JANE BRYDSEN
SARAN, *Appellant*, JAMES HIROSATO *et al.*,
*Defendants.*[1]

*John G. Matthews, Jr. (Donworth, Paul, Donworth
& Smith* and *Smith, Matthews & Wilkerson,* of coun-
sel), for appellant.

*Lewis L. Stedman,* for respondent.

MILLARD, J.—As a result of a fire 3:00 a. m., May
8, 1941, in the Stewart hotel, in which he was a guest,
plaintiff sustained personal injuries.   To recover there-
for he instituted this action alleging that the proximate
cause of his injuries was the failure of the owner and
managers of the building to have available for egress
from his room the means required by § 606 of Seattle
building code ordinance.

Section 601 of the ordinance provides that

"All buildings shall be provided with good, safe and

[1]Reported in 128 P. (2d) 763.

sufficient means of egress in case of fire or panic. . . ."

So far as pertinent, § 606 of the ordinance reads as follows:

"Each room or suite of rooms in any place of habitation, refuge or detention shall have available for egress not less than two stairways or one stairway and one fire escape without passing any open stair well, elevator shaft or light shaft."

Trial of the cause to the court sitting with a jury resulted in verdict in favor of plaintiff. From the judgment entered, motions for judgment notwithstanding the verdict and for a new trial having been overruled, defendant Saran (owner of the Stewart hotel) appealed. All of appellant's assignments of error challenge the legal sufficiency of the evidence to sustain the verdict.

It was incumbent upon respondent, whose only claim of negligence is that appellant failed to have, as required by § 606 of Seattle building code, available for egress from respondent's room "not less than two stairways or one stairway and one fire escape without passing any open stair well, elevator shaft or light shaft," to prove appellant's violation of the quoted ordinance and to prove that such violation was the proximate cause of respondent's injuries. There is no claim that appellant is responsible for the fire, nor is it contended that either the stairway or fire escape was blocked by appellant and respondent thereby prevented from using either to escape from the burning building.

It is unnecessary to cite authorities. It is clear from a reading of the facts, which are summarized as follows, that appellant did not breach § 606 of Seattle building code:

The Stewart hotel is a four-story building on Madison street in Seattle. Respondent occupied room 44 on

the third floor. This hotel building consists of two large wings and a cross hall connecting the wings at the east end thereof; that is, the building has two halls running east and west, connected on the east by a north-south hall thus forming a "U." An open stairway led to the third floor opening on the north-south hall. A fire escape was outside this building at the west end of each east-west hall. Respondent's room had a doorway opening on to the cross hall and a window opening in to a court way between the two wings of the building. This court way was open to the alleyway and faced the west. There were rooms on both sides of the two wings whose doors opened on to the north-south hall, connecting with the cross hallway running east and west down each wing. There was a fire escape, as stated above, at the west end of each of the east-west hallways reached from a window in the hallways and an open stairway in the center of the cross hall. There were no fire escapes leading from any of the rooms in the building. Neither of the two fire escapes at the west end of the two wings had to be reached by passing through a room or closet.

Respondent testified that, when he was awakened by the fire, he saw flames coming through the transom over his door and around the door itself; that he went to the door for the purpose of escaping that way "but I just barely opened it a little bit and the flames were so intense I didn't dare." He made two attempts to close the transom, finally donned some clothing, got on to the window ledge and after hanging there by his hands for a while decided to jump to the ground and was thereby injured. Other guests of the hotel were also trapped in their rooms by the fire and could not, because of the heat and smoke, get to either the fire escape or stairway and could only get out of their rooms through the windows.

Respondent had available two means of escape when he entered his room on the night before the fire: The stairway to the right of his room and the fire escape around the hall to his left. There was no stair well on the third floor; in fact, there was no stair well in the Stewart hotel. Respondent had available for egress a fire escape and a stairway as required by the ordinance. The stairway was to the right of the door of his room and the fire escape was on his left as he would depart from his room. In order to reach the fire escape or the stairway, he would not have to pass anything but other rooms. He did not have to pass even a stairway, and it is certain that he would not have to pass a "stair well, elevator shaft or light shaft."

The judgment is reversed and the cause remanded, with direction to dismiss the action.

ROBINSON, C. J., MAIN, SIMPSON, and DRIVER, JJ., concur.